**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50445 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00885-GW-2 |
| v. | |
| ANTHONY DAVID MILLAN, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50446 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00885-GW-1 |
| v. | |
| MACK MACHEN, AKA Machen, Dr., AKA Henry Machen Patrick, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 6, 2018
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, BERZON,[**] and OWENS, Circuit Judges.

Defendants-Appellants Anthony Millan and Mack Machen appeal from jury convictions for mail and wire fraud. They also challenge the district court's restitution orders. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse appellants' convictions.

1. For two reasons, the district court erred in permitting the government's fraud examiner to offer lay opinions under Fed. R. Evid. 701, rather than subjecting the examiner and her methodology to expert-witness scrutiny under Fed. R. Evid. 702. First, the examiner conceded that in interpreting and categorizing Catch 22's financial transactions, she relied on representations of fact made to her by the government's investigating agents. Each of these out-of-court representations was hearsay. *See* Fed. R. Evid. 801(c). The examiner's opinions about the proper classification of C22's expenditures were therefore not based wholly on her "firsthand knowledge or observation," *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014), and thus failed to satisfy Rule 701(a). Second, the examiner's financial classifications were based on technical or specialized knowledge acquired through her education and experience as a fraud examiner.

---

[**] Judge Berzon was drawn to replace Judge Reinhardt following his death. Ninth Circuit General Order 3.2h. Judge Berzon has read the briefs, reviewed the record, and listened to oral argument.

2

They therefore failed to satisfy Rule 701(c).

Moreover, because the examiner's charts summarized her inadmissible lay opinions, the district court erred in admitting those charts. *See* Fed. R. Evid. 1006; *see also United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011).

2. These errors were not harmless. The fraud examiner's testimony and charts were essential to the government's case at trial: No other witness offered testimony in support of the government's allegations that "virtually none of the money provided by victims to invest in C22 was used to provide bridge loans or for any of the other purposes represented to the victims"; that appellants "provided their telemarketers with commissions of approximately 20 percent of all the victims' money they brought in"; and that appellants "used the remainder of the victims' money to fund their own lavish lifestyles." We are not persuaded that the jury would have convicted appellants absent the fraud examiner's erroneously admitted testimony and charts. *See United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1033 (9th Cir. 2009); *see also United States v. Christian*, 749 F.3d 806, 813-14 (9th Cir. 2014) (citing *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 460, 466-67 (9th Cir. 2014) (en banc)). Moreover, the evidence in the record is insufficient to show that the testimony offered at trial would have been admitted as expert evidence under Rule 702, given the serious and valid concerns that the defendants raised about the fraud examiner's methods. *See United States v. Lloyd*,

807 F.3d 1128, 1156 (9th Cir. 2015).

3. Because we reverse appellants' convictions on other grounds, we need not address their constructive-amendment and variance arguments or their challenge to the district court's restitution orders.  *See, e.g.*, *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1114 n.2 (9th Cir. 2017).

**REVERSED AND REMANDED.**

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Millan*, Nos. 15-50445; *United States v. Machen*, 15-50446

OWENS, Circuit Judge, dissenting:

I respectfully dissent.  In my view, any error in allowing the government's fraud examiner to testify under Fed. R. Evid. 701 and in admitting the examiner's charts was harmless.  *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246-47 (9th Cir. 1997); *United States v. Maher*, 645 F.2d 780, 784 (9th Cir. 1981) (per curiam) ("Since the testimony was admissible expert opinion, any alleged error committed by the trial judge in admitting the evidence under the lay opinion rule was harmless.").  I would also reject appellants' constructive-amendment and variance arguments, which rest on a strawman misreading of the indictment.  Finally, I would affirm the district court's restitution orders as amply supported by the jury's verdicts.  *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 927 n.10 (9th Cir. 2001).